# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| NURY E. BURGOS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION |
| V. ) | |
| ) | FILE NO.: 3:16-CV-00145 |
| ) | |
| PILGRIM'S PRIDE CORPORATION, ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND MOTION TO DISMISS

Comes now, **NURY E. BURGOS** ("Plaintiff") by and through her undersigned counsel, and hereby responds to **PILGRIM'S PRIDE CORPORATION** ("Defendant") SecondMotion to Dismiss as follows.

## ISSUE

The issue before the Court is whether Defendant has satisfied its burden of showing, on the face of the pleadings, that Plaintiff is not entitled to any relief. For the reasons set forth below, the facts alleged in this complaint are sufficient to afford Plaintiff the relief requested. Accordingly, Defendant's Motion to Dismiss should be DENIED.

## STATEMENT OF FACTS

Plaintiff's Complaint sets forth claims for relief based on discrimination against the Defendant pursuant to 42 U.S.C. § 2000 (e) et seq. (Title VII of the

Civil Rights Act of 1964), as amended by the Civil Rights Act of 1991 Americans with Disabilities Act of 1990 (ADA), Title VII of the Civil Rights Act of 1964 (Title VII), Family and Medical Leave Act of 1993 (FMLA) and the Civil Rights Act of 1866, 42 U.S.C. § 1981, via 42 U.S.C. § 1983. Plaintiff is employee of Defendant. Plaintiff was diagnosed with a rare sarcoma in February 2014. As a result, Plaintiff requested FMLA on February 6, 2014 and granted FMLA though February 6, 2015. Prior to the expiration of Plaintiff FMLA leave, Plaintiff was terminated by the Defendant in violation of the FMLA. Accordingly, Plaintiff filed a Complaint against Defendant in the Superior Court of Athens-Clarke County. Thereafter, Defendant removed the case to this Court on the basis of Federal Question. Defendant filed a motion to dismiss Plaintiff's complaint. Plaintiff subsequently filed an amended complaint. Defendant filed a motion to dismiss the amended complaint. Plaintiff now respectfully requests this Court deny Defendant's motion.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a district court to dismiss a complaint if it fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). The question presented to the court on a motion to dismiss is whether it appears beyond doubt that the Plaintiff cannot prove any set of facts consistent with the allegations that will entitle the plaintiff to relief. *Semerenko v. Cendant Corp.* 223 F.3d 165, 173 (emphasis added). In evaluating the pleadings, the Court

must accept all of the plaintiff s allegations as true and construe them in the light most favorable to plaintiff's case. *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987). Additionally, the Court must give the Plaintiff the benefit of every inference that reasonably may be drawn. *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir.1998); *Epstein v. Wash. Ener Co.*,83 F.3d 1136. 1140(9th Cir. 1996). Moreover, even if the pleadings suggest that a chance of recovery is remote, the Court must allow the Plaintiff to develop their case at this stage of the proceedings. *Semerenko*, supra.

Based on the above, this Court must accept all of the Plaintiff's allegations as true and construe them in the light most favorable to Plaintiff s case. In addition, the must give the Plaintiff the benefit of every inference that reasonably may be drawn. The facts that Plaintiff's amended complaint clearly suggest a chance recovery by the Plaintiff this Court must allow the Plaintiff to develop Plaintiff's case at this stage of the proceedings and deny Defendant's Motion to Dismiss.

## **CONCLUSION**

In this case, Defendant has failed to satisfy its burden of showing, on the face of the pleadings, that Plaintiff is not entitled to any relief. Accordingly, Defendant's Motion to Dismiss should be DENIED.

This 7th day of November, 2016

*/s/ Adam Cain*
Adam M. Cain
Attorney for Plaintiff

*GA Bar No. 102150*
Law Offices of Adam M. Cain, LLC
297 Prince Ave., Suite 24
Athens, GA 30601
Telephone: 706-206-7310
*amcain@adamcainlaw.com*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| NURY E. BURGOS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION |
| V. ) | |
| ) | FILE NO.: 3:16-CV-00145- |
| ) | |
| PILGRIM'S PRIDE CORPORATION, ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |

## CERTIFICATE OF SERVICE

The undersigned counsel for **NURY E. BURGOS ("Plaintiff")** in the above-styled action hereby certifies that he has this day served a copy of the **PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND AMENDED MOTION TO DISMISS** by depositing same in the United States Mail in properly addressed envelopes with adequate postage to:

J. Harrison Anthony
Smith, Gambrell & Russell, LLP
1230 Peachtree Street, N.W.
Atlanta, Georgia  30309

This 7th day of November, 2016

     */s/ Adam Cain*
     Adam M. Cain
     Attorney for Plaintiff
     *GA Bar No. 102150*
     Law Offices of Adam M. Cain, LLC
     297 Prince Ave., Suite 24
     Athens, GA 30601
     Telephone: 706-206-7310
     amcain@adamcainlaw.com

- -