```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF GEORGIA
                         ATHENS DIVISION
```

```
NURY E. BURGOS,                    *

     Plaintiff,                    *

vs.                                *    CASE NO. 3:16-CV-145 (CDL)

PILGRIM'S PRIDE CORPORATION,       *

     Defendant.                    *
```

O R D E R

Defendant filed a motion to dismiss Plaintiff's Complaint. Some motions to dismiss require in-depth analysis and long orders. This one does not. Nowhere in Plaintiff's Amended Complaint does she allege that she was not provided with "12 workweeks of [medical] leave in a 12-month period," which is what the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2612(a)(1) requires. Nor does she allege any other facts that state a claim under the FMLA. Plaintiff also fails to allege that she exhausted her administrative remedies for her claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111, *et seq.*, which is a condition precedent for bringing this action. *See Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) ("[U]nder the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII." (citing 42 U.S.C. § 12117(a))); *Forehand v. Fla.*

*State Hosp.*, 89 F.3d 1562, 1567 (11th Cir. 1996) (discussing Title VII's exhaustion requirements).[1]  Thus her ADA claim is premature.

Plaintiff's Amended Complaint simply fails to state a claim upon which relief may be granted.  Accordingly, it must be dismissed.  *See* Fed. R. Civ. P. 12(b)(6); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Defendant's Motion to Dismiss (ECF No. 7) is granted.

IT IS SO ORDERED, this 12th day of December, 2016.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] It appears that any such allegation of exhaustion would be frivolous if the Defendant is correct in its assertion that the EEOC has not yet acted on Plaintiff's EEOC charge.